B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) 19·90029·MM |
|---|---|

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Gregory Kelly (In Proper Person) | Randall Mark Hickman and Virginia E. Hickman |

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|
| Gregory Kelly PO Box 7132 Tempe, AZ 85281 (480) 799-9218 | |

**PARTY** (Check One Box Only)
- [ ] Debtor
- [✓] Creditor
- [ ] Trustee
- [ ] U.S. Trustee/Bankruptcy Admin
- [ ] Other

**PARTY** (Check One Box Only)
- [✓] Debtor
- [ ] Creditor
- [ ] Trustee
- [ ] U.S. Trustee/Bankruptcy Admin
- [ ] Other

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

COMPLAINT TO DENY DISCHARGE
UNDER 11 U.S.C. §727, AND FOR DECLARATORY RELIEF UNDER 28 U.S.C. §2201, et seq.

---

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- [ ] 11 - Recovery of money/property - § 542 turnover of property
- [ ] 12 - Recovery of money/property - § 547 preference
- [ ] 13 - Recovery of money/property - § 548 fraudulent transfer
- [ ] 14 - Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- [ ] 21 - Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- [ ] 31 - Approval of sale of property of estate and of co-owner - § 363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- [✓] 41 - Objection / revocation of discharge - § 727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- [ ] 51 - Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- [ ] 66 - Dischargeability - § 523(a)(1),(14),(14A) priority tax claims
- [ ] 62 - Dischargeability - § 523(a)(2), false pretenses, false representation, actual fraud
- [ ] 67 - Dischargeability - § 523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
- [ ] 61 - Dischargeability - § 523(a)(5), domestic support
- [ ] 68 - Dischargeability - § 523(a)(6), willful and malicious injury
- [ ] 63 - Dischargeability - § 523(a)(8), student loan
- [ ] 64 - Dischargeability - § 523(a)(15), divorce or separation obligation (other than domestic support)
- [ ] 65 - Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- [ ] 71 - Injunctive relief - reinstatement of stay
- [ ] 72 - Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
- [ ] 81 - Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- [✓] 91 - Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- [ ] 01 - Determination of removed claim or cause

**Other**
- [ ] SS-SIPA Case – 15 U.S.C. §§ 78aaa et.seq.
- [ ] 02 - Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| [ ] Check if this case involves a substantive issue of state law | [ ] Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| [✓] Check if a jury trial is demanded in complaint | Demand $ 32,439.40 |
| Other Relief Sought | |

B1040

B1040 (Page 2) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>RANDALL MARK HICKMAN and VIRGINIA E. HICKMAN | | BANKRUPTCY CASE NO.<br>BK-18-07207-MM7 |
| DISTRICT IN WHICH CASE IS PENDING<br>SOUTHERN DISTRICT OF CALIFORNIA | DIVISIONAL OFFICE<br>SAN DIEGO | NAME OF JUDGE<br>JUDGE MARGARET M. MANN |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br>MARCH 06, 2019 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>GREGORY KELLY | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and the defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and in the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

B1040

FILED

**2019 MAR -7  PM 2: 49**

CLERK
U.S. BANKRUPTCY CT.
SO. DIST. OF CALIF.

Gregory Kelly
PO. Box 7132
Tempe, AZ 85281
In Proper Person
(480) 799-9218
isovegas@yahoo.com

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | ) Case No.: BK-18-07207-MM7 |
| | ) |
| RANDALL MARK HICKMAN and | ) Chapter 7 |
| | ) |
| VIRGINIA E. HICKMAN | ) ADV. PROCEEDING NO._____ |
| | ) |
| Debtors, | ) DEPT: |
| | ) |
| _____ | ) JUDGE: |
| | ) |
| GREGORY KELLY, | ) **COMPLAINT TO DENY DISCHARGE** |
| | ) **UNDER 11 U.S.C. §727, AND FOR** |
| Plaintiff, | ) **DECLARATORY RELIEF UNDER 28** |
| v. | ) **U.S.C. §2201, et seq.** |
| | ) |
| RANDALL MARK HICKMAN and | ) **JURY TRIAL DEMANDED** |
| | ) |
| VIRGINIA E. HICKMANS | ) |
| | ) |
| Defendants. | ) |
| | ) |
| _____ | ) |

        Comes now, Plaintiff Gregory Kelly ("Plaintiff"), creditor of Randall Mark Hickman

("Randy") and Virginia E. Hickman ("Virginia") and collectively ("the Hickmans" or

"Defendants"), the above named Debtors and Defendants, and alleges as follows:

## I.  JURISDICTION AND VENUE

        1.  This is a core proceeding within the meaning of 28 U.S.C. § § 157(b)(2)(I), (J) and is

brought pursuant to 11 U.S.C. §523 and §727 for the purposes of Denying Defendants' Chapter 7

Discharge under 11 U.S.C. §727.

2.  This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(b).

3.  Defendants are the Debtor's in this chapter 7 case, which was filed on December 03, 2018.

4.  The Deadline to file a complaint for determination of dischargeability is March 11, 2019, so this complaint is timely, and Plaintiff is a creditor of Defendants by virtue of the following facts:

## II.    SPECIFIC ALLEGATIONS

05.  Plaintiff is a Judgment Creditor bu virtue of partially paid Federal Judgment against Randy from 2017.  The claim amount is $32,439.40, as shown in Claim 1-1 on the Court Docket (Exhibit A).

## III.    GENERAL ALLEGATIONS

06.  The Hickmans have maintained unaccounted cash in the hundreds of thousands of dollars since 2011, largely drawn from the Elkins Family Living Trust ("Elkins Trust"), where Virginia is the Trustee and Beneficiary.

07.  From December of 2011 through November of 2016, the Elkins Trust made hundreds of thousands of dollars of insider payments to Coradell Hickman ("Coradell"), Rory Mark Hickman ("Rory"), Randy, and three of Randy's corporations; National Center For Autism Research and Education, ("NCARE'), RMH Investments Group Inc. ("RMH"), and Hickman Global Initiative Inc. ("HGI").

08.  In 2015, the Elkins Trust purchased over $100,000 of automobiles, including one for Rory, without showing the disposition of these vehicles in their bankruptcy petition.

ADVERSARY COMPLAINT - 2

09. At the time of filing this complaint, the Hickmans have failed to produce Court Ordered Personal Tax Returns or Corporate Tax Returns for NCARE, RMH, and HGI, and a fourth Corporation, Round Table Industries ("RTI") to Plaintiff.

10. At the time of filing this complaint, the Hickmans have failed to produce all of their Court Ordered Personal Bank Statements, Elkins Trust Bank Statements, and Corporate Bank Statements for NCARE, RMH, and RTI to Plaintiff.

11. Despite claiming to have no "non-exempt" assets, the Hickmans have continued their 341 meeting of creditors for this instant bankruptcy THREE times.

12. The Hickmans failed to list all of their debts and assets in this petition, including their cash holdings.

13. The Hickmans failed to list their transfers of over TWO MILLION, NINE HUNDRED THOUSAND DOLLARS ($2,900,000) into the Elkins Trust, as well as transfers into the "Hickman Family Trust," ("Hickman Trust"), which is purportedly administered by Coradell.

14. Plaintiff alleges that Randy is the "de-facto" Administer of the Hickman Trust, and that Randy has provided the majority of funding for this trust.

15. Plaintiff alleges that the Elkins Trust and Hickman Trust are not exempt from this bankruptcy, or attachment from creditors.

16. Plaintiff alleges that the Hickmans have hundreds of thousands of dollars being held either in cash, safe deposit boxes, casino chips, undisclosed personal, family trust or corporate bank accounts, overseas bank accounts, or insiders such as Coradell, Rory and others.

17. Plaintiff alleges that NCARE, RMH, HGI, and RTI still have bank accounts, are not permanently revoked, and are therefore undisclosed corporations with respect to the Hickman's bankruptcy petition.

18. Plaintiff alleges that NCARE, RMH, HGI, RTI, the Elkins Trust, and the Hickman Trust have been used to hide hundreds of thousands of dollars from creditors.

19. Plaintiff alleges that NCARE, RMH, and HGI never had any legitimate business purpose or business transactions, and were effectively used by the Hickmans for the SOLE PURPOSE of shielding personal assets from creditors.

20. Plaintiff alleges that the Elkins Trust and the Hickman Trust are nothing more than personal bank accounts for Virginia and Randy, but have been effectively used by the Hickmans for the SOLE PURPOSE of shielding personal assets from creditors.

21. Plaintiff alleges that while RTI was a business operating in Nevada and California, it also permitted the Hickmans to make hundreds of thousands of dollars disappear through cash withdraws, and has not filed State or Federal Tax Returns from operations.

22. Plaintiff alleges that NCARE, RMH, and HGI have never filed State or Federal Tax returns, throughout their existence, making it nearly impossible for creditors to see the ultimate disposition the hundreds of thousands of dollars of transfers made to these companies.

## IV.  CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(Non-Dischargeability For Concealment
of Property Under 11 U.S.C. § 727(a)(2)(A))**

23. Plaintiff repeats and re-alleges Paragraphs 1-22, as fully incorporated herein.

24. Bankruptcy Code § 727(a)(2)(A) provides, in relevant part, that:

ADVERSARY COMPLAINT - 4

(a) The court shall grant the debtor a discharge, unless —

(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—

**(A) property of the debtor, within one year before the date of the filing of the petition;**

25.  The Defendants have made hundreds of thousands of dollars of cash withdraws since 2011, for which there is no final accounting.

26.  The Defendants have made hundreds of thousands of transfers to corporate entities of Randy since 2011, which never filed State or Federal Tax Returns, and without any final accounting for these funds.

27.  The Defendants have made hundreds of thousands of purchases in automobiles, jewelry, and other consumer goods since 2015, without disclosing a final accounting of these assets in their instant Bankruptcy Petition.

28.  Since 2011, the Defendants have made over TWO MILLION, NINE HUNDRED THOUSAND DOLLARS ($2,900,000) of transfers to the Elkins Trust, and Hickman Trust, without any final accounting for these transfers.

29.  As recently as October of 2018, Defendants agreed to pay Plaintiff's $49,385.25 Judgment in an unrelated case, after paying thousands of dollars of fees to attorney Bruce D. Jaques ("Mr. Jaques").

30.  Defendants would not have taken these actions if they were truly indigent, and have failed to disclose the amounts and source of their payments to Mr. Jaques.

31.  Less than two months later, rather than disclose their true assets and financial

condition under Court Order from the Nevada District Court, Defendants chose to file Chapter 7 Bankruptcy for the second time in two years.

32.  On the basis of Defendant's intentional failure to disclose their true assets Defendants' bankruptcy should be dismissed.

## SECOND CAUSE OF ACTION
### (Non-Dischargeability For Concealment Of, Or Failure to Keep Records Under 11 U.S.C. §727 (a)(3)

33.  Plaintiff repeats and re-alleges Paragraphs 1-32, as fully incorporated herein.

34.  Bankruptcy Code § § 727(a)(3) provides that:

> (a) The court shall grant the debtor a discharge, unless —

> (3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case;

35.  Defendants have a long history of concealing records, dating back to Randy's 2007 Bankruptcy in 2007 (in this Honorable Court).

36.  In that case, (BK No. 07-02628-LT7). Randy eventually agreed to a non-discharge, based in part, on his concealment of records, and three Adversary Complaints (including the Trustee).

37.  In 2017, after filing bankruptcy in Nevada, Defendants chose to sell their fully homesteaded $700,000 home in Las Vegas, rather than produce Rule 2004 Subpoenaed documents to Plaintiff.

38.  In late November of 2018, rather than produce financial documents under Court Order from the Nevada District Court, Randy again chose to file Bankruptcy, to prevent disclosure of his financial information.

39.  In the instant Bankruptcy case, Defendants have continued their 341 Meeting of Creditors THREE times, despite claims of indigence.

40.  In the instant Bankruptcy Case, Defendants were required to deliver financial documents via Subpoenas by January 18, 2019 (Dkt. Nos. 11 and 12).

41.  Rather than comply with the Subpoenas, Defendants chose to have their attorney file a frivolous, and legally infirm "Motion to Quash," for the sole purpose of thwarting Plaintiff's Adversary Complaints.

42.  This Honorable Court upheld Plaintiff's Subpoenas on February 28, 2019, but Defendants have not complied.

43.  At the time of filing this Complaint, Defendants have failed to produce any of the subpoenaed documents which were not already disclosed to them by Plaintiff.

44.  At the time of filing this Complaint, Defendants are requesting an additional four weeks to comply with the Subpoenas, without any explanation for their non-compliance.

45. At the time of filing this Complaint, Defendants' attorney refuses to provide written acknowledgment that Defendants are non-compliant with Court Ordered Subpoenas.

46. At the time of filing this Complaint, Defendants' original attorney is attempting to remove himself from his representation of Defendants at a Rule 2004 Examination on March 08, 2019.

47.  On the basis of Defendants' long history of refusing to provide financial documents, and refusal to follow Court Orders in different jurisdictions, their bankruptcy should be dismissed.

**THIRD CAUSE OF ACTION**
**(Non-Dischargeability For False Oaths**
**or Accounts Under 11 U.S.C. §727 (a)(4)(A)**

48.  Plaintiff repeats and re-alleges Paragraphs 1-47, as fully incorporated herein.

49.  Bankruptcy Code § 727(a)(4)(A) provides that:

(a) The court shall grant the debtor a discharge, unless —

(4) the debtor knowingly and fraudulently, in or in connection with the case —

**(A) made a false oath or account**

50.  Defendants' instant Bankruptcy Petition was rife with false oaths and accounts from its initial filing, and despite two amendments, can never be cured.

51.  At the time of their bankruptcy filing, Defendants were fully aware that they were not listing their proper assets and debts, just as they did in their 2017 Nevada Bankruptcy and 2007 California Bankruptcy (Randy only).

52.  Despite years of subpoenaed bank records obtained by Plaintiff, Defendants have continued to maintain, in two different Bankruptcy filings, that they survive on a mere $1,460 of monthly Social Security Income, rather than the hundreds of thousands of dollars in cash they withdrew from the Elkins Trust, Randy's Corporations, and Virginia's personal accounts from 2011-2017.

53.  Plaintiff alleges that Defendants are in control of hundreds of thousands of cash withdraws since 2011, which were not disclosed on their petition.

54. Plaintiff alleges that Defendants have control of over a hundred thousand dollars of assets, which were not disclosed on their petition.

55. Plaintiff alleges that Defendants have cash, casino chips, safe deposit boxes, overseas bank accounts, corporate bank accounts, or third parties holding assets, which were not disclosed on their petition.

56. Plaintiff alleges that the Elkins Trust, and Hickman Trust, have received over TWO MILLION, NINE HUNDRED THOUSAND DOLLARS, ($2,900,000) of transfers from Defendants since 2011, which were not disclosed on their petition.

58. Plaintiff alleges that Defendants have failed to disclose their true debts and assets, and only do so when confronted with evidence that they have attempted to hide from the Bankruptcy Court.

59. Plaintiff alleges that Defendants have bank accounts, either personal, trust, or corporate, which were not disclosed on their petition.

60. Plaintiff alleges that Dkt. No. 1, page 6, Part 6, line 19 is false, as it vastly understates Defendants' assets, that Defendants were aware of this at the time of filing their petition, and Defendants intentionally filed a false petition.

61. Plaintiff alleges that Dkt. No. 1, page 6, Part 6, line 20 is false, as it vastly understates Defendants' liabilities, that Defendants were aware of this at the time of filing their petition, and Defendants intentionally filed a false petition.

62. Plaintiff alleges that Defendants were well aware of their $300,000 Debt to the Estate of Patricia J. Ritchie, but chose not to list it in their 2017 or 2018 Chapter 7 Bankruptcies, because they didn't anticipate a collection action.

ADVERSARY COMPLAINT - 9

63.  Plaintiff alleges that Dkt. No. 1, page 8, Part 1, lines 1b and 1c are false, as they vastly understate Defendants' assets.

64.  Plaintiff alleges that Dkt. No. 1, page 8, Part 2, line 3b is false, as it vastly understates Defendants' liabilities.

65.  Plaintiff alleges that Dkt. No. 1, page 8, Part 3, line 5 is false, as it vastly understates Defendants' monthly expenses.

66.  Plaintiff alleges that Dkt. No. 1, page 8, Part 7, line 5 is false, as Defendant's liabilities were mostly debts originating from business loans, and not consumer debts.

67.  Plaintiff further alleges that Defendants intentionally misrepresented their debt to prevent discovery of Randy's four revoked Corporations (NCARE, RMH, HGI and RTI).

68.  Plaintiff alleges that Dkt. No. 1, page 10, Part 2, line 3 is false, as Defendants own one or more automobiles, currently titled to a third Party.

69. Plaintiff alleges that Dkt. No. 1, page 10, Part 3, line 6 is false, as the value of Defendants' household furnishings is worth more than $ 3,000.

70.  Plaintiff alleges that Dkt. No. 1, pages 10/11, Part 3, line 7 is false, as the value of Defendants' electronics is worth more than $ 300.

71.  Plaintiff alleges that Dkt. No. 1, page 11, Part 3, line 12 is false, as the value of Defendants' jewelry is worth more than $ 500.

72.  Plaintiff alleges that Dkt. No. 1, page 12, Part 4, line 17 is false, and that Defendants have undisclosed bank accounts not listed on their Bankruptcy Petition.

73. Plaintiff alleges that Dkt. No. 1, page 12, Part 4, line 25 is false, and that Defendants are the administrators, de-facto Trustees, and beneficiaries of the Elkins Trust and Hickman Trust.

74. Plaintiff alleges that Dkt. No. 1, page 13, Part 4, line 30 is false, and that Defendants are owed money by third parties.

75. Plaintiff alleges that Dkt. No. 1, page 13, Part 4, line 32 is false, and that Defendants are the beneficiaries of the Elkins Trust and Hickman Trust.

76. Plaintiff further alleges that Defendants have received hundreds of thousands of dollars in distributions from the Elkins Trust and Hickman Trust, and deliberately falsified their bankruptcy petition.

77. Plaintiff alleges that Dkt. No. 1, page 13, Part 4, line 33 is false, and that Defendants have no legal claims against Gregory Kelly (Plaintiff).

78. Plaintiff further alleges that Dkt. No. 1, page 13, Part 4, line 33 mentions Plaintiff's name purely for the purposes of intimidation and harassment.

79. Plaintiff alleges that Dkt. No. 1, page 13, Part 4, lines 35 and 36 are false, and that Defendants have not listed all of their assets.

80. Plaintiff alleges that Dkt. No. 1, page 14, Part 5, lines 37, 38, 39, 40, 41, 42, 43, 44, and 45 are false, and that Defendants have undisclosed assets from NCARE, RMH, HGI, and RTI.

81. Plaintiff further alleges that NCARE, RMH, HGI, and RTI have not been permanently revoked by the State of Nevada, have never filed final tax returns, and should have been properly disclosed in Defendants' Bankruptcy Petition as assets.

82.  Plaintiff alleges that Dkt. No. 1, page 15, Part 8, lines 56, 57, 58, 59, 61, 62, and 63 are false, and that Defendants have not disclosed all of their assets.

83.  Plaintiff alleges that Dkt. No. 1, pages 16 and 17 (Schedule C) are false with respect to Defendants' alleged possessions, bank accounts, and Claims against Plaintiff on line 2.

84.  Plaintiff alleges that Dkt. No. 1, page 22, Part 2, line 4.8 is false, and that the correct amount owed to Gregory Kelly, (via docketed judgment) is $49,385.25.

85.  Plaintiff alleges that Dkt. No. 1, page 22, Part 4, lines 6i and 6j are false, and that the Defendants owe significantly more money than listed on their petition.

86.  Plaintiff alleges that Dkt. No. 1, page 24, line 2 is false, as Defendants clearly lived in a Community Property State at the time of filing their petition, and for many years earlier.

87.  Plaintiff alleges that Dkt. No. 1, pages 27 – 28, (Schedule J) is false, and that Defendants have significantly higher monthly expenses than listed in their petition.

88.  Plaintiff alleges that Dkt. No. 1, page 31, Part 3, line 6 is false, as Defendants' debts were primarily business debts and not consumer debts.

89.  Plaintiff further alleges that Dkt. No. 1, page 31, Part 3, line 6 is false, because Defendants, or a third party working on their behalf, paid more than $ 600 to attorney Bruce D. Jaques and Move 4 Less Storage in Nevada within 90 days of filing their bankruptcy petition.

90.  Plaintiff further alleges that Defendants have refused to provide documentation of these transactions to Plaintiff, despite Court Ordered Subpoenas.

91.  Plaintiff alleges that Dkt. No. 1, page 32, Part 5, line 13 is false, and that Defendants have gifted assets of $ 600 or more within two years of filing bankruptcy.

ADVERSARY COMPLAINT - 12

92.  Plaintiff alleges that Dkt. No. 1, page 33, Part 7, line 16 is false, as Defendants paid $ 15,000 to the Dias Law Group in April of 2018 for services related to their 2017 Nevada Bankruptcy.

93.  Plaintiff alleges that Dkt. No. 1, page 33, Part 7, line 17 is false, as Defendants paid thousands of dollars to attorney Bruce D. Jaques in 2018 to negotiate a $49,385.25 Confession of Judgment to Plaintiff in Clark County District Court Case No. A-18-779920-C.

94.  Plaintiff further alleges that Defendants claimed to have the ability to pay this Judgment by October 10, 2018, which is in stark contrast to their instant bankruptcy petition.

95.  Plaintiff alleges that Dkt. No. 1, page 33, Part 7, line 18 is false, as Defendants have transferred property to Coradell and Rory within 2 years of filing bankruptcy.

96.  Plaintiff alleges that Dkt. No. 1, page 34, Part 7, line 19 is false, as Defendants have transferred over TWO MILLION, NINE HUNDRED THOUSAND DOLLARS ($2,900,000) to the Elkins Trust within 10 years of filing bankruptcy.

97.  Plaintiff alleges that Dkt. No. 1, page 34, Part 8, line 21 is false, and that Defendants have undisclosed safe deposit boxes, being held in the name of third parties or trusts.

98.  Plaintiff alleges that Dkt. No. 1, page 35, Part 11, line 27 is false, and that Defendants should have listed NCARE, RMH, and HGI in addition to RTI.

## FOURTH CAUSE OF ACTION
### (Declaratory Relief Under 28 U.S.C. § 2201, et seq.)

99.  Plaintiff repeats and re-alleges Paragraphs 1-98, as fully incorporated herein.

100.  As properly alleged in Paragraphs 1-98, Defendants are not entitled to a Chapter 7 discharge of any debts.

101. Defendants dispute these contentions, despite the overwhelming, documented evidence against them.

102. Plaintiff is entitled to a declaratory judgment against Defendants under 28 U.S.C. § 2201, et seq., finding, concluding, and adjudging that Plaintiff is entitled to all prayers for relief.

### V.    PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment as follows:

1. With respect to the First Cause of Action, an Order that Defendants' bankruptcy is non-dischargeable pursuant to 11 U.S.C. §727 (a)(2)(A).

2. With respect to the Second Cause of Action, an Order that Defendants' bankruptcy is non-dischargeable pursuant to 11 U.S.C. §727 (a)(3).

3. With respect to the Third Cause of Action, an Order that Defendants' bankruptcy is non-dischargeable pursuant to 11 U.S.C. §727 (a)(4)(A).

4. With respect to the Fourth Cause of Action, an Order entering judgment for Plaintiff and granting declaratory relief under 28 U.S.C. § 2201, et seq., including, without limitation, that Plaintiff's $300,000 Claim is non-dischargeable.

5. An Order granting reasonable attorney fees, costs, expenses, and any other equitable relief that the Court deems just and proper.

//
//
//
//
//
//

Dated this 6th day of March, 2019.

PREPARED AND SUBMITTED

BY: _____

Gregory Kelly
PO. Box 7132
Tempe, AZ 85281
(480) 799-9218
In Proper Person

# EXHIBIT A

Fill in this information to identify the case:

Debtor 1  Randall Mark Hickman

Debtor 2  Virginia E. Hickman
(Spouse, if filing)

United States Bankruptcy Court for the: Southern District of California

Case number  18-07207-MM7



☑ FILED
☐ ENTERED
☐ LODGED
☐ RECEIVED

DEC 10 2018

CLERK, U.S. BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY LL                    DEPUTY

# Official Form 410
# Proof of Claim                                                              04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1:  Identify the Claim

| | |
|---|---|
| **1. Who is the current creditor?** | Gregory Kelly |
| | Name of the current creditor (the person or entity to be paid for this claim) |
| | Other names the creditor used with the debtor _____ |
| **2. Has this claim been acquired from someone else?** | ☑ No<br>☐ Yes.  From whom? _____ |

| **3. Where should notices and payments to the creditor be sent?**<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?**<br><br>Gregory Kelly<br>Name<br><br>PO Box 7132<br>Number      Street<br><br>Tempe          AZ        85281<br>City           State      ZIP Code<br><br>Contact phone  (480) 799-9218<br><br>Contact email  isovegas@yahoo.com | **Where should payments to the creditor be sent? (if different)**<br><br>Gregory Kelly<br>Name<br><br>PO Box 7132<br>Number      Street<br><br>Tempe          AZ        85281<br>City           State      ZIP Code<br><br>Contact phone  (480) 799-9218<br><br>Contact email  isovegas@yahoo.com |

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

___ ___ ___ ___ — ___ ___ ___ ___ — ___ ___ ___ ___ — ___ ___ ___ ___

| **4. Does this claim amend one already filed?** | ☑ No<br>☐ Yes.  Claim number on court claims registry (if known) _____    Filed on ___/___/_____  MM / DD / YYYY |
|---|---|
| **5. Do you know if anyone else has filed a proof of claim for this claim?** | ☑ No<br>☐ Yes.  Who made the earlier filing? _____ |

Official Form 410                              Proof of Claim                                    page 1

eL-7207 Doc 9D

**Part 2:  Give Information About the Claim as of the Date the Case Was Filed**

| 6. | Do you have any number you use to identify the debtor? | ☑ No <br> ☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____ |
|---|---|---|

| 7. | How much is the claim? | $_____ 32,439.40 . Does this amount include interest or other charges? <br> ☐ No <br> ☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
|---|---|---|

8. **What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Unpaid balance on Federal Judgment

9. **Is all or part of the claim secured?**

☑ No
☐ Yes.  The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
☐ Motor vehicle
☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:                              $_____
Amount of the claim that is secured:          $_____
Amount of the claim that is unsecured:        $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition:     $_____

Annual Interest Rate (when case was filed) 1.22 %
☑ Fixed
☐ Variable

| 10. | Is this claim based on a lease? | ☑ No <br> ☐ Yes. Amount necessary to cure any default as of the date of the petition.     $_____ |
|---|---|---|

| 11. | Is this claim subject to a right of setoff? | ☑ No <br> ☐ Yes. Identify the property: _____ |
|---|---|---|

| | |
|---|---|
| **12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☑ No<br>☐ Yes. *Check one:* |

|  | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |

\* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

---

**Part 3:   Sign Below**

| | |
|---|---|
| The person completing this proof of claim must sign and date it. FRBP 9011(b).<br><br>If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.<br><br>A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571. | *Check the appropriate box:*<br><br>☑ I am the creditor.<br>☐ I am the creditor's attorney or authorized agent.<br>☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.<br>☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.<br><br>I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.<br><br>I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.<br><br>I declare under penalty of perjury that the foregoing is true and correct.<br><br>Executed on date  __12/07/2018__<br>　　　　　　　　　MM / DD / YYYY<br><br>Signature _____<br><br>Print the name of the person who is completing and signing this claim: |

| | | | |
|---|---|---|---|
| Name | Gregory | | Kelly |
| | First name | Middle name | Last name |
| Title | _____ | | |
| Company | _____ | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | PO Box 7132 | | |
| | Number　　　　Street | | |
| | Tempe | AZ | 85281 |
| | City | State | ZIP Code |
| Contact phone | (480) 799-9218 | Email | isovegas@yahoo.com |

# EXHIBIT A

**(Registration of Judgment in Nevada)**

AO 451 (Rev. 12/12) Clerk's Certification of a Judgment to be Registered in Another District

**17-MS-79**

# UNITED STATES DIST

### for the
### Southern District of New York

| | |
|---|---|
| **GREGORY KELLY** | ) |
| *Plaintiff* | ) |
| v. | ) |
| **RANDALL MARK HICKMAN** | ) |
| *Defendant* | ) |

Civil Action  No. 1:17-cv-2392-GHW

## CLERK'S CERTIFICATION OF A JUDGMENT TO BE REGISTERED IN ANOTHER DISTRICT

I certify that the attached judgment is a copy of a judgment entered by this court on *(date)*  7/24/2017 .

I also certify that, as appears from this court's records, no motion listed in Fed. R. App. P. 4(a)(4)(A) is pending before this court, the time for appeal has expired, and no appeal has been filed or, if one was filed, it is no longer pending.

Date:  Aug 25, 2017

CLERK OF COURT

*Signature of Clerk or Deputy Clerk*

FILED _____    _____ RECEIVED
_____ ENTERED    _____ SERVED ON
COUNSEL/PARTIES OF RECORD

**SEP - 6 2017**

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:_____DEPUTY

Case 19-90029-MM    Filed 03/07/19    Entered 03/07/19 14:49:32    Doc 1    Pg. 24 of 27

Case 18-07207-MM7    Claim 1-1    Filed 12/10/18    Desc Main Document         Pg. 6 of 9

Case 2:17-cv-02409-APG-PAL   Document 1   Filed 09/06/17   Page 2 of 3
Case 1:17-cv-02392-GHW   Document 26   Filed 07/24/17   Page 1 of 2

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 07/24/2017
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------x

GREGORY KELLY,                          :

                       Plaintiff,       :        **17-MS-79**

         -v-                            :

                                        :        1:17-cv-2392-GHW
RANDALL MARK HICKMAN,                   :

                       Defendant.       :

----------------------------------------x

GREGORY H. WOODS, United States District Judge:

    Plaintiff Gregory Kelly filed a complaint in this action on April 3, 2017, alleging that Defendant Randall Mark Hickman breached a contract between the parties. Dkt. No. 1. Defendant was personally served with the summons and complaint in this action on April 17, 2017, and proof of service was filed with the Court on May 12, 2017. Dkt. No. 9. Mr. Hickman, an individual, is neither an infant, nor an incompetent, nor a member of the United States military. Dkt. No. 22, Kelly Aff. in Supp. of Default Judgment. Despite proper service of the summons and complaint, Defendant has not appeared and has failed to answer the complaint, and the time for Defendant to answer the complaint has expired.

    For the reasons stated on the record during a hearing held on July 21, 2017, **IT IS ORDERED, ADJUDGED, AND DECREED** that Plaintiff have judgment against Defendant in the liquidated amount of $100,000.00 plus daily interest at 5% from February 1, 2016 through February 10, 2016 amounting to interest of $50,000.00, plus costs and disbursements of this action in the amount of $458.00 amount in all to $150,458.00; and it is further

    **ORDERED** that this judgment constitutes a final judgment as to all claims asserted in this action by Plaintiff against Defendant.

```
DEFAULT JUDGMENT
ENTERED
                    RECEIVED
                    SERVED ON
            COUNSEL/PARTIES OF RECORD

        SEP - 6 2017

    CLERK US DISTRICT COURT
       DISTRICT OF NEVADA
BY:
```

Case 19-90029-MM     Filed 03/07/19     Entered 03/07/19 14:49:32     Doc 1     Pg. 25 of 27

Case 18-07207-MM7     Claim 1-1     Filed 12/10/18     Desc Main Document          Pg. 7 of 9

Case 2:17-cv-02409-APG-PAL     Document 1     Filed 09/06/17     Page 3 of 3
Case 1:17-cv-02392-GHW     Document 26     Filed 07/24/17     Page 2 of 2

Plaintiff is directed to serve this order on Defendant.

The Clerk of Court is directed to mail both Plaintiff and Defendant a copy of this order by certified mail and to close this case.

SO ORDERED.

Dated: July 24, 2017
New York, New York

_____
GREGORY H. WOODS
United States District Judge

A CERTIFIED COPY
RUBY J. KRAJICK, CLERK

BY _____
Deputy Clerk

2

# EXHIBIT B

**(Accounting of Debt as of Petition Date)**

## ACCOUNTING FOR DEBT OWED BY RANDALL MARK HICKMAN
## UNITED STATES DISTRICT COURT
### DISTRICT OF NEVADA
### CASE NUMBER 2:17-cv-02049-APG PAL

| Date | Amount | Daily Interest | Days | Interest | New Costs | Payments | Balance |
|---|---|---|---|---|---|---|---|
| 07/24/17 | $150, 458.00 | $ 5.029 | 0 | $ 0 | $ 0 | $ 0 | $ 150, 458.00 |
| 09/11/17 | $150,458.00 | $ 5.029 | 49 | $ 246.42 | $ 47** | $ 0 | $ 150,751.42 |
| 09/19/17 | $150,751.42 | $ 5.039 | 8 | $ 40.31 | $ 283.95* | $ 0 | $ 151,075.68 |
| 05/01/18 | $151,075.68 | $ 5.05 | 224 | $ 1,131.20 | $ 0 | $120,000 | $ 32,206.88 |
| 12/03/18 | $ 32,206.88 | $ 1.076 | 216 | $ 232.52 | $ 0 | $ 0 | $ 32,439.40 |

### NEW COST LEGEND

\* WRITS OF EXECUTION

\*\* REGISTRATION OF FOREIGN JUDGMENT

Interest is calculated at 1.22 percent annually.

Pursuant to Bankruptcy Rule 3001 (c), I verify this is the true and correct amount owed by Debtor as of 12/03/18.

Dated 12/07/18

_____
Gregory Kelly